IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-40952
Summary Calendar
_____


JIMMY L. MCSHAN,

                                    Plaintiff-Appellant,

versus

MICKEY L. HUBERT, Sheriff of
Anderson County, TX, ET AL.,

                                    Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:95-CV-308
- - - - - - - - - -
June 9, 1998
Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Jimmy L. McShan appeals from the magistrate judge's
dismissal of his 42 U.S.C. § 1983 complaint following a bench
trial.  He argues that the magistrate judge abused her discretion
in refusing to appoint counsel to represent him and in imposing
costs at the conclusion of the action, and that the magistrate
judge erred in dismissing all of his medical claims as time
barred by the applicable two-year statute of limitations.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

McShan has not demonstrated such exceptional circumstances as to warrant the appointment of counsel. <u>Ulmer v. Chancellor</u>, 691 F.2d 209, 212 (5th Cir. 1982). Accordingly, it was not an abuse of the magistrate judge's discretion to refuse to appoint McShan counsel to represent him. <u>Jackson v. Dallas Police Dep't</u>, 811 F.2d 260, 261 (5th Cir. 1986).

Taxing McShan the cost of filing the initial complaint was not an abuse of discretion. 28 U.S.C. § 1915(f)(1); <u>Moore v. McDonald</u>, 30 F.3d 616, 621 (5th Cir. 1994). However, the magistrate judge's order that McShan "be barred from filing any new lawsuits in this Court until these costs are paid in full" is an abuse of discretion. The cases relied upon by the magistrate judge are distinguishable as they involve either frequent filers or otherwise abusive litigants. <u>See</u> <u>Jackson v. Carpenter</u>, 921 F.2d 68, 69 (5th Cir. 1991) (sixth lawsuit involving same dispute); <u>Vinson v. Texas Bd. of Corrections</u>, 901 F.2d 474, 475 (5th Cir. 1990) (barred only after being warned and after having filed more than one frivolous and malicious lawsuit); <u>Kennedy v. Collins</u>, No. 94-20207 (5th Cir. May 17, 1994) (involved frequent litigant); <u>Thomas v. Inmon</u>, No. 90-4838 (involved frequent litigant); <u>Prows v. United States</u>, No. 91-8085 (5th Cir. Sept. 8, 1992) (sanctioned for using abusive and offensive language). There is no indication that McShan has filed multiple lawsuits, and he received no sanction warning. "`The imposition of a sanction without a prior warning is generally to be avoided.'"

<u>Mendoza v. Lynaugh</u>, 989 F.2d 191, 195 (5th Cir. 1993) (citation omitted).  Accordingly, we REVERSE the magistrate judge's order barring McShan from filing future lawsuits.  Nothing in this order, however, prohibits the magistrate judge from imposing such a sanction should McShan fail to pay the costs in the manner ordered by the lower court.

Finally, contrary to McShan's contention, the magistrate judge did not dismiss all of his medical claims as time-barred. The magistrate judge dismissed those claims that were not time-barred as without merit.

Accordingly, the judgment of the magistrate judge is AFFIRMED IN PART and REVERSED AND REMANDED IN PART.